Marta Lozado, Appellant, The
against
Evergreens Cemetery, Respondent.




Marta Lozado, appellant pro se.
Wingate, Kearney & Cullen, LLP (Dominic Sarna of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered October 20, 2016. The order, upon a motion by defendant for summary judgment dismissing the complaint on the ground of collateral estoppel, dismissed the complaint on the ground that the court lacked subject matter jurisdiction over the action.




ORDERED that the order is reversed, without costs, and the motion by defendant for summary judgment dismissing the complaint on the ground of collateral estoppel is denied. 
In April 2016, plaintiff, who resides in Queens County, commenced this action in the Civil Court, Queens County, to recover the principal sum of $25,000 for the loss of personal property, asserting that defendant had given away her burial plot without her knowledge or consent. Defendant subsequently moved for summary judgment dismissing the complaint, arguing that, as directed by an order of the Supreme Court, Bronx County, dated June 24, 1998, in a case bearing the caption "Olga Rodriguez, Plaintiff -against- Marta Lozada [sic] and Evergreen Cemetery, Defendants," it had voided plaintiff's certificate for the plot, which had been purchased in 1993, and had issued a new certificate for that plot to the mother of plaintiff's deceased fiancé. Plaintiff opposed the motion, asserting, among other things, that, since the Supreme Court had never obtained personal jurisdiction over her, the 1998 order was subsequently vacated by an order of the Supreme Court, Bronx County, dated July 13, 2016. In an order entered October 20, 2016, the Civil Court dismissed the complaint on the ground that it [*2]had no subject matter jurisdiction over the action since the plot is located in the Bronx and, pursuant to CCA 203, the action should have been commenced in the county where the plot is situated. The court incidentally found that plaintiff was not collaterally estopped by the June 1998 order since that order was entered upon Marta Lozado's default in the Supreme Court action.
As plaintiff is seeking to recover monetary damages in the sum of $25,000 due to the loss of a burial plot (see CCA 202) and is not seeking to recover the burial plot, CCA 203 is inapplicable, and the Civil Court, Queens County, has subject matter jurisdiction over this action (see CCA 202). Furthermore, plaintiff was not collaterally estopped from commencing this action, not because the order had been entered upon plaintiff's default, but rather because the 1998 order of the Supreme Court, Bronx County, had been vacated. Thus, defendant's motion should have been denied. We note, however, that, in so finding, we do not reach the issue of the whether the 1998 order affords defendant any other defenses. 
Accordingly, the order is reversed and the motion by defendant for summary judgment dismissing the complaint on the ground of collateral estoppel is denied. 
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018